

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00101-CV

_____

IN THE INTEREST OF B.L.H., A CHILD

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 480-18

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

As the result of a petition filed by the Texas Department of Family and Protective Services (the Department), the trial court terminated Mother's parental rights to B.L.H. Mother appeals. We abate this appeal to allow the trial court the opportunity to comply with the Indian Child Welfare Act (ICWA).

Congress passed the ICWA in response to the "rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989). "The ICWA applies to all state child custody proceedings involving an Indian child when the court knows or has reason to know an Indian child is involved." *In re C.C.*, No. 12-17-00114-CV, 2017 WL 2822518, at *2 (Tex. App.—Tyler June 30, 2017, no pet.) (mem. op.) (citing 25 U.S.C.A. § 1912(a)); *In re R.R., Jr.*, 294 S.W.3d 213, 217 (Tex. App.—Fort Worth 2009, no pet.)). "An Indian child is defined by the ICWA as an 'unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.'" *Id.* (quoting 25 U.S.C.A. § 1903(4)). "The ICWA, however, does not define what constitutes being a 'member' or 'being eligible for membership.'" *Id.* (citing 25 U.S.C.A. § 1903(4)). "Each tribe has its own criteria for determining tribe membership." *Id.*

"The Bureau of Indian Affairs created guidelines for state courts to use in Indian child custody proceedings to assist with the interpretation of the ICWA." *Id.* (citing Bureau of Indian

2

Affairs Guidelines for State Courts; Indian Child Custody Proceedings (BIA Guidelines), 44 Fed. Reg. 67,584 (Nov. 26, 1979)). Under the BIA Guidelines, "[p]roceedings in state courts involving the custody of Indian children shall follow strict procedures and meet stringent requirements to justify any result in an individual case contrary to these preferences." *Id.* (quoting BIA Guidelines, 44 Fed. Reg. at 67,586). "Specific instructions are provided in the [BIA] Guidelines for the determination of the status of an alleged Indian child." *Id.* (citing *In re J.J.C.*, 302 S.W.3d 896, 900 (Tex. App.—Waco 2009, no pet.)). "The burden is placed on the trial court to seek verification of the child's status through either the Bureau of Indian Affairs or the child's tribe." *Id.* (citing BIA Guidelines, 44 Fed. Reg. at 67,586 (stating that "the court shall seek verification of the child's status")). "[C]ircumstances under which a state court has reason to believe a child involved in a child custody proceeding is an Indian include [when] . . . (i) Any party to the case . . . informs the court that the child is an Indian child . . . [and] (ii) [a]ny public or state-licensed agency involved in child protection services or family support has discovered information which suggests that the child is an Indian child." *Id.* (quoting BIA Guidelines, 44 Fed. Reg. at 67,586).

"Under the ICWA, an Indian tribe is entitled to notice of a custody proceeding involving an Indian child." *Id.* (citing 25 U.S.C.A. § 1912(a)). "It is the duty of the trial court and the Department to send notice in any involuntary proceeding 'where the court knows or has reason to know that an Indian child is involved.'" *Id.* (quoting 25 C.F.R. § 23.11). Here, Mother reported that B.L.H. had possible Native American heritage. In its permanency reports included in the clerk's record, the Department also acknowledged that Mother reported that the child had Indian heritage. Both Mother's report and the Department's knowledge of her report that the children

3

may have Indian ancestry were "sufficient to trigger the ICWA's requirements for notification and determination of Indian status." *Id.* at *3.

Although the record contains a letter from the Cherokee Nation denying the child's Indian status based on the information provided by the Department, "Section 23.11 also requires that the notice be sent to the 'appropriate Regional Director' and the Secretary of the Interior." *Id.* at *2 (quoting 25 C.F.R. § 23.11(a), (b), (c)).[1] The address for the appropriate Regional Director is determined by application of 25 C.F.R. § 23.11(b)(4), which plainly lists the address as "Anadarko Regional Director, Bureau of Indian Affairs, P.O. Box 368, Anadarko, Oklahoma 73005." 25 C.F.R. § 23.11(b)(4). Additionally, notices from Upshur County pursuant to Section 23.111(e) must also be sent to the Regional Director for the Western Region at 2600 North Central Avenue, Phoenix, AZ 85004.[2] The address for the Secretary of the Interior is "Department of the Interior, 1849 C Street, N.W., MS-4660-MIB, Washington, D.C. 20240."[3]

Also, it appears that the Department only listed the names and birthdates of Mother and B.L.H., but did not provide (1) the Father's name even though his parental rights to the child were terminated or (2) the names of grandparents or other relatives listed on the Indian Child & Family Questionnaire. Notices must comply with Section 23.111 and must include:

---

[1] On receipt of the notice, the Secretary of the Interior, or his designee, is required "to make reasonable documented efforts to locate and notify the tribe and the child's Indian parent or custodians within fifteen days or to notify the trial court how much time is needed to complete the search for the child's tribe." *C.C.*, 2017 WL 2822518, at *2 (citing 25 C.F.R. § 23.11(c)).

[2] We refer the trial court to the BIA website and the "Search by Zip" feature at https://www.bia.gov/regional-offices.

[3] *See* U.S. DEPARTMENT OF THE INTERIOR INDIAN AFFAIRS, https://www.bia.gov/contact-us (last visited Feb. 20, 2020).

(1)    The child's name, birthdate, and birthplace;

(2)    All names known (including maiden, married, and former names or aliases) of the parents, the parents' birthdates and birthplaces, and Tribal enrollment numbers if known;

(3)    If known, the names, birthdates, birthplaces, and Tribal enrollment information of other direct lineal ancestors of the child, such as grandparents; [and]

. . . .

(5)    A copy of the petition, complaint, or other document by which the child-custody proceeding was initiated . . . .

25 C.F.R. § 23.111(d).

"A violation of the ICWA notice provisions may be cause for invalidation of the termination proceedings at some later, distant point in time." *C.C.*, 2017 WL 2822518, at *2 (citing 25 U.S.C.A. § 1914 (providing that "[a]ny Indian child who is the subject of any action for . . . termination of parental rights under State law, any parent . . . from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title")).

Thus, because the inquiry required by the ICWA is necessary here, we abate the appeal in cause number 06-19-00101-CV, with the following instructions:

(1)    the trial court shall provide, no later than **March 2, 2020**, proper notices that comply with the ICWA's statutory notice requirements discussed herein;

(2)    the trial court shall thereafter conduct a hearing, no later than **March 31, 2020**, to determine whether B.L.H. is an Indian child under the ICWA;

(3)    the trial court shall cause a record of the proceedings to be prepared and shall make appropriate findings as to whether B.L.H. is an Indian child;

5

(4)    the reporter's record from the hearing shall be filed with this Court no later than **April 3, 2020**; and

(5)    a supplemental clerk's record (including any orders and findings resulting from the ICWA hearing) shall be filed with this Court no later than **April 3, 2020**.

*See* Tex. R. App. P. 44.4.  Due to the accelerated nature of parental-rights termination proceedings, the trial court shall conduct these abatement proceedings in an expedited fashion.  The appeal will be reinstated in this Court following the filing of the supplemental clerk's record.  Until such time, the March 2, 2020, submission date is hereby withdrawn.

IT IS SO ORDERED.

BY THE COURT

DATE:    February 26, 2020